UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| Ian Musulin,<br><br>    Plaintiff,<br><br>v.<br><br>Credit Control Services, Inc.<br>c/o CT Corporation System<br>208 S. LaSalle Street, Suite 814<br>Chicago, IL 60604,<br><br>    Defendant. | Case No.<br><br><br><br><br>**COMPLAINT**<br><br><br><br><br>**Jury Demand Requested** |

## JURISDICTION AND VENUE

1- This court has jurisdiction pursuant to 28 U.S.C. §1331 and 15 U.S.C. §1692k(d).

2- Venue is proper because a substantial part of the events giving rise to this claim occurred in this District.

## PARTIES

3- Plaintiff is a resident of the State of Illinois.

4- Plaintiff incurred an obligation to pay money, the primary purpose of which was for personal, family, or household uses (the õDebtö).

5- Defendant is with its principal place of business in the State of Massachusetts.

6- Defendant uses instruments of interstate commerce for its principal purpose of business, which it the collection of debts.

7- Defendant regularly attempts to collects, or attempts to collect, debts owed or due another.

8- At all times relevant, Defendant owned the Debt or was retained to collect the Debt.

## FACTS COMMON TO ALL COUNTS

9- Prior to April 24, 2018, Plaintiff incurred a debt with Elmhurst Hospital (the "Debt").

10- Prior to April 24, 2018, Plaintiff defaulted on the Debt.

11- On April 24, 2018, Plaintiff filed a bankruptcy petition that included the Debt.

12- Upon filing her bankruptcy petition, Plaintiff received the protection of the automatic stay against further collections.

13- Despite the bankruptcy filing, on or around May 29, 2018, Defendant mailed a letter to Plaintiff to collect the Debt.

14- At the time of above-referenced letter, Defendant knew, or should have known, about the bankruptcy.

15- Defendant damaged Plaintiff.

16- Defendant violated the FDCPA.

## COUNT I

17- Plaintiff incorporates all the allegations and statements made above as if reiterated herein.

18- Defendant violated 15 USC § 1692e(2) by attempting to collect a debt that Defendant knew, or should have known, was included in Plaintiff's bankruptcy, thereby misrepresenting the legal status of the debt

## COUNT II

19- Plaintiff incorporates all the allegations and statements made above as if reiterated herein.

20- Defendant violated 15 USC § 1692e(10) by falsely representing to Plaintiff that it could collect a debt that Defendant knew, or should have known, was included in Plaintiff's bankruptcy.

## COUNT III

21- Plaintiff incorporates all the allegations and statements made above as if reiterated herein.

22- Defendant violated 15 USC § 1692f by unfairly and unconscionably trying to collect a debt that Defendant knew, or should have known, was included in Plaintiff's bankruptcy.

## JURY DEMAND

23- Plaintiff demands a trial by jury.

## PRAYER FOR RELIEF

24- Plaintiff prays for the following relief:

   a. Judgment against Defendant for Plaintiff's actual damages, as determined at trial, suffered as a direct and proximate result Defendant's violations of the Fair Debt Collection Practices Act, pursuant to 15 U.S.C. §1692k(a)(1);

   b. Judgment against Defendant for $1,000 in statutory damages for Defendant's violations of the Fair Debt Collection Practices Act, pursuant to 15 U.S.C. §1692k(a)(2)(A);

   c. Judgment against Defendant for Plaintiff's reasonable attorneys' fees and costs incurred in this action, pursuant to 15 U.S.C. §1692k(a)(3); and

   d. Any other legal and/or equitable relief as the Court deems appropriate.

RESPECTFULLY SUBMITTED,

Meier LLC

By:/s/ Richard J. Meier
Richard J. Meier, Esq.
401 N. Michigan Ave, Suite 1200
Chicago, IL 60611
Tel: 312-242-1849
Fax: 312-242-1841
richard@meierllc.com
*Attorney for Plaintiff*